# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| KIMBERLY J. AGEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:12-cv-00958 |
| v. ) | Judge Trauger |
| ) | |
| NANCY BERRYHILL,[1] ) | |
| Acting Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM**

Pending before the court is the plaintiff's Motion For Attorney's Fees (Docket Entry No. 50) under the Equal Access to Justice Act ("EAJA"), seeking $13,529.38 in attorney's fees, to which the defendant Commissioner of Social Security ("Commissioner") filed a response (Docket Entry No. 51), and the plaintiff filed a reply (Docket Entry No. 52), in which the plaintiff includes an additional request of $504.55 in fees for time spent responding to the defendant's response.

## I. BACKGROUND

The plaintiff, Kimberly J. Agee, filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Commissioner, denying the plaintiff's claim for period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"), as provided under Title II and XVI of the Social Security Act ("the Act"). The Magistrate Judge summarized the plaintiff's assertions of error as follows: "Plaintiff argues that the ALJ erred by: (1) failing to give controlling weight to the assessment of the treating physician; (2)

---

[1]Nancy Berryhill became acting Commissioner for the Social Security Administration on January 23, 2017, and is therefore substituted as Defendant. *See* Fed. R. Civ. P. 25(d).

failing to properly assess Plaintiff's credibility; and (3) failing to find that Plaintiff's asthma represents a severe impairment." (Docket Entry No. 47, at 8.)[2]

The Magistrate Judge concluded that this action "should be remanded for an additional hearing based on the ALJ's failure to specify the weight accorded to the opinion of the treating physician." *Id*. at 12. As to the second assertion of error, the Magistrate Judge declined to make a finding regarding the ALJ's credibility determination because, if the Report and Recommendation were adopted, the action would be remanded for a rehearing based on the ALJ's violation of the treating physician rule, at which point a new credibility determination would be made. *Id*. at 18. Similarly, the Magistrate Judge declined to rule on the third assertion of error, that the ALJ failed to conclude that the plaintiff's asthma represented a severe impairment, in light of the Magistrate Judge's recommendation that this action be remanded for an additional hearing. *Id*. at 19.

Thus, the Magistrate Judge recommended that the plaintiff's Motion for Judgment on the Administrative Record (Docket Entry No. 20) be granted, the decision of the Social Security Administration be reversed, and the matter be remanded for further administrative proceedings. *Id*. at 1. No objections having been filed, this court accepted the Report and Recommendation and ordered that the plaintiff's Motion for Judgment on the Administrative Record be granted, that the Commissioner's decision be reversed, and that this action be remanded for further administrative proceedings consistent with the Report and Recommendation. (Docket Entry No. 48.)

## II. CONTENTIONS OF THE PARTIES

---

[2]Additionally, the Magistrate Judge noted that the plaintiff also listed as an assertion of error that the ALJ erred in rejecting the plaintiff's subjective complaints because the plaintiff failed to seek treatment without considering whether the plaintiff's failure to do so resulted from an inability to afford treatment. *Id*. at 8 n.4. However, because this assertion pertained to the plaintiff's credibility, the Magistrate Judge considered it as being part of the second assertion of error. *Id*.

The defendant contends that in this action "special circumstances and the experience of counsel require a substantial reduction in the fees requested." (Docket Entry No. 51, at 4.) Specifically, the defendant contends that the plaintiff should not benefit by *sua sponte* raising and briefing the issue of administrative *post hoc* rationalization ("APHR")[3] after the parties' briefs were filed. *Id.* The defendant cites that the plaintiff filed a Reply (Docket Entry No. 29) and a Reply to the defendant's Surreply (Docket Entry No. 41), addressing the APHR issue, which was not discussed at all in the Report and Recommendation, and that the Magistrate Judge denied the plaintiff leave to file a reply to the defendant's Response to the plaintiff's Reply to the defendant's Surreply (Docket Entry No. 42). *Id.* The defendant asserts that the parties "obtained court permission to file both briefs in excess of the normal page limitations"[4] and that "this should have ended the litigation." *Id.* at 2. The defendant also contends that this was a three issue, routine Social Security disability action, as identified by the Magistrate Judge, and that "the government is entitled to expect some additional efficiency from experienced counsel, and certainly would not expect him to spend time marking up defendant's brief." *Id.* at 5. Thus, the defendant contends that 36.5 hours of time should be excluded in calculating the plaintiff's award of attorney's fees, reflecting a reduction of 26.5 attorney hours spent on this action involving the extraneous APHR issue and an additional 10 hours reduction "due to efficiency to be expected from experienced counsel on a routine, three issue Social Security disability case." *Id.* at 6.

---

[3]A reviewing court shall not accept *post hoc* rationalizations in assessing the decision of an administrative agency and "must judge its propriety solely by the grounds invoked by the agency." *Williams v. Comm'r of Soc. Sec.*, 227 F. App'x 463, 464 (6th Cir. 2007).

[4]The plaintiff's brief was 55 pages, whereas the defendant's brief was 31 pages. (Docket Entry Nos. 21 and 24.)

In response, the plaintiff contends that the defendant's assertions of *post hoc* rationalization in the defendant's response and surreply necessitated the plaintiff to address these assertions and that the defendant cannot now assert that the plaintiff should not be compensated for the time spent responding to this *post hoc* rationalization. (Docket Entry No. 52, at 9.) The plaintiff also contends that the number of hours for which the plaintiff seeks EAJA fees is not excessive and that the defendant has made no showing that the plaintiff's counsel spent his time "inefficiently." *Id*. at 10-11. The plaintiff's attorney also asserts that the plaintiff is not seeking compensation for 3.1 hours spent by her attorney's paralegal and that her attorney did not include "any of his time for such tasks as filing

motions for extension of time, reviewing electronic notices generated by the court clerk, brief status updates to Plaintiff, etc." *Id.* at 11.

### III. LAW AND ANALYSIS

### A. EAJA Requirements

"A district court has broad discretion when determining whether fees should be awarded under the EAJA, and its decision will only be overturned if it abuses its discretion." *Tolles v. Comm'r of Soc. Sec.*, No. 12-CV-14771, 2014 WL 1329003, at *1 (E.D. Mich. Apr. 2, 2014) (citing *Pierce v. Underwood*, 487 U.S. 552, 559 (1988) and *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir.2006)). The EAJA states:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). "Thus, eligibility for a fee award under EAJA requires: (1) that the claimant be the prevailing party; (2) that the government's position was not substantially justified;

4

and (3) that no special circumstances make the award unjust." *Richards v. Sec'y of Health & Human Servs.*, 884 F. Supp. 256, 258 (N.D. Ohio 1995).

A plaintiff who wins a remand of her social security appeal becomes a prevailing party under the EAJA, regardless of whether the plaintiff is ultimately awarded benefits. *Tibbetts v. Comm'r of Soc. Sec.*, No. 1:12-CV-894, 2015 WL 1637414, at *2 (S.D. Ohio Apr. 13, 2015); *Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012) ("A sentence-four remand makes the plaintiff a 'prevailing party' under the EAJA." (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993))). "Substantially justified" means "'justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person.'" *Noble v. Barnhart*, 230 F. App'x 517, 519 (6th Cir. 2007) (quoting *Pierce*, 487 U.S. at 565).

Here, the defendant does not dispute that the plaintiff is a prevailing party or argue that the government's position was substantially justified but, instead, contends that this court should exclude 26.5 hours of time spent on the APHR issue under the EAJA's special circumstances exception. (Docket Entry No. 51, at 4-5.) Thus, the court concludes that the plaintiff satisfies the first two requirements.

Although the statute does not define the term, the legislative history of the EAJA reflects that the special circumstances exception is a "'safety valve'" that "gives 'the court discretion to deny awards where equitable considerations dictate an award should not be made.'" *Scarborough v. Principi*, 541 U.S. 401, 422-23 (2004) (quoting H.R. Rep. No. 96-1418, p. 11 (1980) U.S.C.C.A.N. 4984, 4990, 1980 WL 12964); *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 303 (2d Cir.2011). "'The special circumstances exception helps to ensure that the government can advance in good faith novel but credible interpretations of the law.'" *United States v. Winchester Mun. Utilities*, 944 F.2d 301, 306 (6th Cir. 1991) (quoting *Jackson v. Bowen*, 807 F.2d 127, 128 n.3 (8th Cir. 1986) (brackets

5

omitted)); *Murkeldove v. Astrue*, 635 F.3d 784, 794-95 (5th Cir. 2011) ("[T]he 'special circumstance' provision has two purposes: (1) it acts as a 'safety valve . . . to insure that the government is not deterred from advancing in good faith the novel but credible extensions and interpretations of the law that often underlie vigorous enforcement efforts' and (2) 'it gives courts discretion to deny awards where equitable considerations dictate an award should not be made.'") (citation omitted).

"What constitutes special circumstances has been infrequently litigated under the EAJA, and the Government does not often raise this ground as a basis for denying fees." 14 Charles Alan Wright & Arthur Miller, *Fed. Prac. & Proc. Juris.* § 3660.1 (4th ed. 2017); *see* Vincent, 651 F.3d at 303 ("The Second Circuit has spoken only twice in published opinions to the question of what constitutes 'special circumstances [that] make an award unjust,' and in neither case did it address whether – or to what extent – deficiencies in counsel's performance may justify a denial or reduction in EAJA fees.") (citations omitted); *Murkeldove*, 635 F.3d at 794 ("As we noted more than 20 years ago: 'There is a dearth of case law interpreting the special circumstances' exception of the EAJA.' This remains true today.") (citations and internal quotation marks omitted). "Some courts considering the question have looked for guidance to cases construing the judicially-created special circumstances exception 42 U.S.C.A. § 1988,which is given a narrow construction." 14 Wright & Miller, § 3660.1; *see J & J Anderson, Inc. v. Town of Erie*, 767 F.2d 1469, 1474 (10th Cir. 1985) *abrogated by Dennis v. Higgins*, 498 U.S. 439 (1991) ("The fact that a case was 'simple' or could be 'routinely handled' does not justify denial of § 1988 attorney's fees."); *Sutphin v. Colvin*, No. 5:13-CV-161, 2014 WL 7272798, at *2 (N.D. W. Va. Dec. 18, 2014) (in determining attorney fees under the EAJA in a social security action, the district court relied on the view that, under 42 U.S.C. § 1988, "'Defendants bear the burden of proving the existence of special circumstances' and 'the

judicially imposed provision should be narrowly construed so as not to interfere with the congressional purpose in passing such statutes.'") (citing *Martin v. Heckler*, 773 F.2d 1145, 1150 (11th Cir.1985)). The Second Circuit has held that:

> A prevailing party can . . . be denied attorney's fees under the EAJA for "special circumstances" when his own misconduct created the circumstances that led to the litigation, *see Oguachuba* v. INS, 706 F.2d 93, 94 (2d Cir. 1983), and when that party's contributions to the litigation's success were "marginal, duplicative and unnecessary," *see United States v. 27.09 Acres of Land*, 43 F.3d 769, 771 (2d Cir. 1994). These two examples of "special circumstances," while illustrative, do not define the exception. Indeed, if the "special circumstances" exception is to function as an equitable "safety valve," its contours can emerge only on a case-by-case basis.

*Vincent*, 651 F.3d at 304 (citations omitted)[5]; *see also Greenhill v. United States*, 96 Fed. Cl. 771, 778 (2011) ("Courts look to equitable principles such as the doctrine of 'unclean hands' in determining whether there are special circumstances that would make an EAJA award unjust. . . . Using these equitable principles, EAJA awards have been found unjust when a plaintiff purposefully takes advantage of government misconduct and subsequently challenges that same misconduct.") (citations omitted).

Based upon the record, the court concludes that the plaintiff's seeking fees for 26.5 hours of work attributable to the APHR issue does not constitute "special circumstances," warranting their exclusion on that basis. Rather, this argument is subsumed, along with the discussion of the "efficiency to be expected from experienced counsel," in the court's determination as to whether the plaintiff's attorney's fees are reasonable under the EAJA. *See generally Boulis-Gasche v. Astrue*, No. 3:08-CV-450, 2012 WL 1565361, at *2 (E.D. Tenn. Apr. 11, 2012), *report and recommendation*

---

[5]In *27.09 Acres*, the party seeking attorney's fees intervened as a co-defendant and only contributed to an unsuccessful early phase of the litigation. 43 F.3d at 771, 773. That party did not contribute in the successful latter phase of the litigation, and its presence and participation were thus deemed "marginal, duplicative and unnecessary." *Id*. at 770, 773-74.

7

*adopted*, No. 3:08-CV-450, 2012 WL 1565358 (E.D. Tenn. May 1, 2012) ("The Court is not aware of, and has not been cited to, any 'special circumstances' that would otherwise make an award of attorney fees unjust. The Commissioner has objected to the reasonableness of the fees, and to the extent this objection constitutes 'special circumstances,' it will be addressed below [in the section on reasonableness]."). In support of its argument that the court should exclude, under the EAJA's special circumstances exception, 26.5 hours of time spent addressing the APHR issue in the plaintiff's two reply briefs, the defendant cites *Bryant v. Apfel*, 37 F. Supp. 2d 210 (E.D.N.Y. 1999), *Ortiz v. Chater*, No. 95 CV 3126, 1997 WL 50217, at *5 (E.D.N.Y. Jan. 30, 1997), and *Williams v. Bowen*, No. 85 C 2653, 1987 WL 10559, at *3-4 (N.D. Ill. May 6, 1987). However, these cases are distinguishable and do not provide grounds for finding that "special circumstances" exist based upon the facts in this action, as the plaintiff's attorney did not fail to develop the record.

In *Bryant*, EAJA fees were denied where the plaintiff's attorney failed to "seek or produce critical medical records from the period of plaintiff's claimed disability. . . . [which] made it impossible to determine whether plaintiff was, in fact, entitled to disability benefits." 37 F. Supp.2d at 213. Despite being a "prevailing party," the court found that it would be unjust to award the plaintiff attorney's fees because it would "create a perverse incentive for a plaintiff's counsel to fail to develop the record . . . if he or she ha[d] any doubt whether the additional records w[ould] support the client's claim." *Id.* at 214. Similarly, in *Ortiz*, the court found special circumstances existed, justifying a twenty-percent reduction in plaintiff's fee award, where the plaintiff's attorney was partially responsible for inadequately developing the administrative record. 1997 WL 50217 at*4-5. In *Williams*, the court found that special circumstances made an award of EAJA fees unjust because the plaintiff rejected the Commissioner's initial offer of remand and was therefore responsible for

8

the continuation of the litigation and that the plaintiff's attorney bore some responsibility for the inadequately developed administrative record. 1987 WL 10559, at *3-4.

### B. Lodestar Calculation

"Once a court makes the threshold determination that a party is eligible for EAJA fees, it looks to the lodestar amount as a starting point for calculating a reasonable fee award." *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 881 (6th Cir. 2016) (citing *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160-61 (1990) citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983)). The lodestar is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433; *Gisbrecht v. Barnhart*, 535 U.S. 789, 801-02 (2002); *Minor*, 826 F.3d at 881-84.

#### 1. Hourly Rate

Under the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). "In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). To meet such a burden, "Plaintiffs must 'produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* (citation omitted). Simply providing the Department of Labor's Consumer Price Index is insufficient for seeking a cost of living increase. *Piporo v. Comm'r of Soc. Sec.*, No. 5:10 CV 02695, 2013 WL 3006958, at *2 (N.D. Ohio June 12, 2013) (citing *Bryant*, 578

9

F.3d at 450). "The Sixth Circuit has stressed that the EAJA's statutory rate 'is a ceiling and not a floor,' and that the district court should 'carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation.'" *Id.* (quoting *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199, 200 (6th Cir.1992)).

Here, the plaintiff contends that the proposed hourly rate is justified because of the increase to the cost of living since the statutory rate was set. (Docket Entry No. 50-1, at 3-4.) In support, the plaintiff cites the Bureau of Labor Statistics' Urban Consumer Price Index ("CPI") from March 1996 (155.7), when the current statutory rate was adopted, as well as the CPI from March 2013 (232.773), when the plaintiff's attorney performed the bulk of his work in this matter. *Id.* at 5. Thus, the cost of living increase from March 1996 to March 2013 was 1.495 (232.773÷155.7). Therefore, the plaintiff seeks the cost-of-living-enhanced hourly rate of $186.87 ($125.00 x 1.495). *Id.* The plaintiff's attorney attests that he has been a practicing attorney for over 35 years and has represented over 1,500 social security disability claimants. (Docket Entry No. 50-2, at 1-2.) The defendant does not contest the hourly rate sought in this action.

Further, the rate requested is not inconsistent with the rate awarded to other attorneys in social security actions in this circuit. *See Rippy v. Colvin*, 3:12-cv-00258 (M. D. Tenn. Feb. 26, 2015) (awarding $11,647.20 in fees, based on 63.3 hours of work at an hourly rate of $184); *Jordan v. Colvin*, No. 3:13-cv-00338 (M.D. Tenn. March 28, 2014) (awarding $4,208.40 in fees, based on 25.05 hours of work at an hourly rate of $168.00); *Barnett v. Colvin*, No. 1:13-cv-00047 (M.D. Tenn. May 28, 2014) (awarding $5,000.00 in fees, based on 26.34 hours of work at an hourly rate of $187.02); *Burchett v. Colvin*, No. 3:13-cv-01278 (M.D. Tenn. July 10, 2014) (awarding $3,302.23 in fees, based on 17.35 hours of work at an hourly rate of $190.33); *Brawner v. Colvin*, No.

2:13-cv-00115 (M.D. Tenn. May 13, 2014) (awarding $3,860.97 in fees, based on 20.5 hours of work at rates of $187.11 to $189.70 per hour over the course of the representation); *Rodenas v. Comm'r of Soc. Sec.*, No. 1:13-CV-538, 2014 WL 2515322, at *2 (S.D. Ohio June 4, 2014), *report and recommendation adopted*, No. 1:13-CV-538, 2014 WL 2931418 (S.D. Ohio June 30, 2014) (awarding $4230.00 in fees, based on 23.50 hours of work at an hourly rate of $180.00); *Pizzo v. Comm'r of Soc. Sec.*, No. 13-CV-11344, 2014 WL 7157129, at *1, 7 (E.D. Mich. Dec. 15, 2014) (awarding $7,750.11 in fees, based on 41.44 hours of work at an hourly rate of $187.02). "Although 'rates awarded in other cases do not set the prevailing market rate . . . [they] can . . . provide some inferential evidence of what a market rate is, just as state-bar surveys of rates provide evidence of a market rate, but themselves do not set the rate.'" *Kenney v. Colvin*, No. CV 14-12721, 2015 WL 5837709, at *2 (E.D. Mich. Sept. 29, 2015), *report and recommendation adopted sub nom. Kenney v. Comm'r of Soc. Sec.*, No. 14-12721, 2015 WL 6125264 (E.D. Mich. Oct. 19, 2015) (quoting *B & G Min., Inc. v. Director, Office of Workers' Compensation Programs*, 522 F.3d 657, 664 (6th Cir. 2008)).

Based upon the above showing, the court concludes that the requested hourly rate of $186.87, sought by the plaintiff and uncontested by the defendant, is reasonable. *Begley*, 966 F.2d at 200 (adjustments made for increases to the cost of living are left to the discretion of the district court).

### 2. Number of Hours

"The party seeking an award of attorney fees has the burden of demonstrating the reasonableness of hours by providing a detailed documentation of the hours, and the opposing party has the burden of providing evidence against this reasonableness." *French v. Colvin*, No.

3:14-CV-138-PLR-HBG, 2015 WL 4496184, at *3 (E.D. Tenn. July 20, 2015) (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). "Courts are obligated to prune unnecessary hours from fee petitions because '[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.'" *Conley ex rel. N.C. v. Comm'r of Soc. Sec.*, No. 1:12-CV-01367, 2013 WL 3280315, at *4 (N.D. Ohio June 27, 2013) (quoting *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir.1999)). As such, courts should exclude hours "that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 434 (citation omitted); *De Nunez v. Comm'r of Soc. Sec.*, No. 1:11CV2285, 2013 WL 60429, at *1 (N.D. Ohio Jan. 3, 2013). Therefore, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . ." *Id.*; *Glass v. Sec'y of Health & Human Servs.*, 822 F.2d 19, 21 (6th Cir. 1987) ("'Hours may be cut for duplication, padding or frivolous claims.'") (citation omitted).

"The EAJA does not limit the amount of attorney's hours and only requires the attorney to submit all hours in an itemized statement." *Brusch v. Colvin*, No. 15-13972, 2017 WL 1279228, at *2 (E.D. Mich. Apr. 6, 2017) (citing 28 U.S.C. § 2412(d)(1)(B)). However, "[t]he Sixth Circuit has previously noted that the number of hours expended in pursuit of most social security appeals is in the range of 'twenty to thirty hours,' with forty hours topping out the high end of what has been described as an average range." *Crim v. Comm'r of Soc. Sec.*, No. 1:11–cv–137, 2013 WL 1063476, at *4 (S.D. Ohio March 14, 2013) (citing *Glass*, 822 F.2d at 20 and *Hayes v. Sec'y of HHS*, 923 F.2d 418, 420 (6th Cir.1990)); *Spiller v. Comm'r of Soc. Sec.*, 940 F. Supp.2d 647, 651-52 (S.D. Ohio 2013) (recognizing that, while certain social security disability cases of advanced complexity would require 40 hours or more, which was not such a case before it, the district court noted, "Without

establishing a firm, bright line rule, the Court surveyed a large number of EAJA fees/costs petitions recently filed in [the Southern District of Ohio], and found the general range of time expended on these cases is 15-25 hours.") (collecting cases); *Burgess v. Comm'r of Soc. Sec.*, No. 1:11 CV 1865, 2013 WL 1818833, at *3 (N.D. Ohio Feb. 12, 2013), *report and recommendation adopted sub nom. Burgess v. Astrue*, No. 1:11 CV 1865, 2013 WL 1811889 (N.D. Ohio Apr. 29, 2013) ("[A]bsent extraordinary circumstances, the average number of hours for an attorney to work on an average Social Security case ranges from 30 to 40 hours."). "The relevant question, however, is not what is required in *most* social security cases, but what did this case require." *Glass*, 822 F.2d at 20 (emphasis in original). "If the court does reject the attorney's submitted hours, it must specify why." *Brusch v. Colvin*, 2017 WL 1279228, at *2 (citing *Glass*, 822 F.2d at 22). Thus, the court must determine whether the 75.1 attorney hours spent on this action were what the plaintiff's case required, or whether any of the hours should be excluded as being excessive, redundant, or otherwise unnecessary.

The plaintiff's attorney seeks fees for 75.1 hours of work spent on this action. Of these hours, 4.4 hours were incurred in relation to the filing of the Motion For Attorney's Fees and the reply in response to the defendant's opposition to that motion. The defendant contends that, as to the other 70.7 hours, the court should exclude 26.5 hours spent on the extraneous APHR issue, and an additional 10 hours, "due to efficiency to be expected from experienced counsel on a routine, three issue Social Security disability action," for a total of 36.5 hours. (Docket Entry No. 51, at 6.) The defendant does not contest the 44.2 hours spent on the plaintiff's motion for judgment on the administrative record.

Plaintiff cites cases from various districts where courts have approved well over 40 hours spent in social security actions. (Docket Entry No. 52, at 10-11.) While courts have approved such hours when awarding fees, such hours expended are not the norm. Here, this was a relatively straightforward, three-issue disability appeal claim. To be sure, as to any *post hoc* rationalizations asserted in the defendant's initial brief, such as citing the opinions of Drs. Fields and Robinson, who were not discussed in the ALJ's opinion, (Docket Entry No. 10, at 34-36; Docket Entry No. 24, at 20, 21; Docket Entry No. 33, at 9-10), the plaintiff more than adequately addressed those assertions and any others in her 15-page reply, along with submitting a marked-up copy of the defendant's brief. The plaintiff did not need an additional 14-page reply on the APHR issue. Further, the Magistrate Judge did not see the need to even address the issue. Thus, the court concludes that the number of hours spent on the *post hoc* rationalization issue was slightly excessive. Therefore, the court finds that 11.3 hours should be excluded, reflecting the time spent on the plaintiff's reply to the defendant's surreply and the plaintiff's unsuccessful motion for oral argument on the APHR issue. *See* Docket Entry No. 50-3, at 2-3; *see Dent v. Astrue*, No. 07-2238 MA/P, 2008 WL 2278844, at *3 (W.D. Tenn. May 30, 2008) (reducing hours preparing a reply as excessive).

With respect to the defendant's argument that the court should also exclude 10 hours because of the plaintiff's attorney's inefficiency, this argument is vague, as the defendant is already seeking exclusion of the 26.5 hours pertaining to the APHR issue, which this court has reduced by 11.3 hours for excessiveness. The defendant's assertion lacks any specificity and will be denied.

As to the time spent on the fee petition, "'[a] court may compensate a claimant for the value of attorney services rendered in defending the propriety of an EAJA award, including a reply brief

and supplemental application.'" *Gunther v. Comm'r of Soc. Sec.*, 943 F. Supp. 2d 797, 806 (N.D. Ohio 2013) (citation omitted).

> "[A]n award of attorney fees under the EAJA should encompass not only the fees incurred in the litigation on the merits, but also the fees incurred by the prevailing party in protecting that fee award in subsequent litigation by the government over the propriety or amount of the EAJA fee award, even if the position taken by the government in opposing the fee award is substantially justified."

*Baker v. Colvin*, No. 1:11CV1096, 2013 WL 1284108, at *1 (N.D. Ohio Mar. 25, 2013) (quoting *Spurlock v. Sullivan*, 790 F. Supp. 979, 982 (N.D. Cal. 1992) citing *Jean*, 496 U.S. at 165); *Dent v. Astrue*, No. 07-2238 MA/P, 2008 WL 2278844, at *3 (W.D. Tenn. May 30, 2008) ("Courts may award attorneys' fees for time spent preparing an EAJA fee petition, even if portions of the fee sought are not awarded."). Accordingly, the court finds the uncontested 4.4 hours claimed, in relation to the fee petition, reasonable.

Therefore, the court concludes that the total amount of billable hours in this action is 63.8, at the uncontested hourly rate of $186.87, for a total award of $11,922.31 in EAJA attorney's fees.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, the plaintiff's Motion For Attorney's Fees (Docket Entry No. 50) will be granted in part and denied in part, and the plaintiff will be awarded $11,922.31 in EAJA attorney's fees.

An appropriate order is filed herewith.

ENTER this 5th day of September 2017.

_____
Aleta A. Trauger
United States District Judge